on behalf of DES, Dynamic Environmental Services of DES. Anyway, there are numerous issues in this case. First, I guess, foremost dwell on what's in the brief is that it's a 12-C motion for a judgment on the pleadings. So your view is de novo, okay, just as the judges would be, and we said we think that what the judge did he went beyond the pleadings in granting a motion. There are several bases for that in the brief. I won't have time to go through all of them. There are two distinct claims here. One on behalf of DES is for insurance coverage, contractual liability insurance coverage for its duty to provide a defense indemnity to Nucor Steel. And you saw in the Nucor Steel whenever we or DES paid them reimbursement for legal fees and costs, they assigned their rights to us. So now I'm here on behalf of Nucor as the assignee or signer of DES, okay. So on the defense indemnity claim, it's due to a contract called an Independent Contractor Service Agreement, an ICA, in paragraph nine. The contract says that DES will defend an indemnity by Nucor for personal injury claims or property damage claims, for that matter, resulting from the negligence of a DES employee or somebody DES. I mean somebody that DES is responsible for. So there it's providing coverage for the claims. It provides coverage for the claims of Mr. Como to Nucor. Nucor was also to be named as an additional insurer under the HDI. You don't dispute that Nucor itself didn't notify the insurance company until that May 2019 date, right? As a factual matter. Nucor, I don't think Nucor ever just notified at all because what happened was is this. Nucor wrote a letter on May 10th. The letter went to counsel for DES who had been hired by or retained by HDI. The letter didn't even talk about providing that. The only thing that Nucor can do is they're just an additional insurer under policy, okay? They are not the only additional insurer for personal injury liability, property damage, which is not an issue here, or also for advertising personal injury liability. But the additional insurers are defined as insurers under the policy. The additional insurers are defined as insurers under the policy. Doesn't that put Nucor into basic equivalence with DES as insureds under the policy? Okay, no. DES has professional liability coverage. Nucor does not have that, okay? And the court, the judge even said that in his reasons for judgment, court reasons. Okay, so when you get into it, they're an additional insurer of the policy. Yes. Okay, additional insurers under section two are not named insured or insured under the policy. There though is an endorsement which says if you're an additional insured, you're considered an insured under the policy. You're insured. But only for personal injury, property damage, and advertising. But that's what we've got here, right? Personal injury. Personal injury. But, okay. But isn't that where the duty springs? But the coverage for the contractual liability, they don't have that coverage. The judge even found that. He said that the only thing Nucor could do if they wanted to deal with HCI would be to call upon them to provide them a defense. Well, so tell me if I'm wrong about this, but it's not quite a catch-22, but it is an interesting situation, I guess, while we're here. There's this insured contract, and you were talking about the ICA paragraph nine. Yes, sir. The insured contract says DES indemnifies Nucor for any claims, damages, whatever liability that arises because DES's employees are contracted, right? Pretty standard. So DES has this indemnity obligation. The policy then says we'll cover, I'm grossly paraphrasing, we'll cover indemnity obligations that are covered by an insurance contract or an insured contract, whatever the language is. But everybody agrees that this ICA is an insured contract that's encompassed by the policy, right? Yes, sir. But what the district court found, as I understand it, was well, because Nucor is also an insured under the policy, the insured, the insurance contract really doesn't come into play as far as HDI is concerned. But what the judge did is he wrote, he wrote out the insurance coverage that DES paid for the contractual liability coverage. That's what he did when he made that. Because he said that Nucor was also an additional insured, and the language in the policy says that it doesn't, that an insured. In other words, it's kind of like, I mean, the parties kind of came into this with belt and suspenders. Nucor gets coverage under the insurance contract. Nucor gets coverage as an additional insured named in the policy. And the district court said, well, too clever about half, because Nucor is an additional insured, the insurance contract doesn't kick in. I mean, isn't that the problem in the case? Well, that's one of several problems in the case. The position we take, we spell this out. Judge Wilson said, first of all, okay, what the policy says is that Nucor is only an additional insured for personal injury, just forget about the property damage and the advertising, personal injury, for personal injury. Okay. And the judge even said the only thing Nucor could approach HDI was for additional insured status, that they don't have contractual liability coverage. So, they are not an insurer under the contractual liability coverage. That's the position we take. And, or else, what you've got, you've created an ambiguity there, because the specific wording of the policy followed the way we argued it, and it makes sense, okay, is that when it comes to contractual liability, the Nucor is not an additional insured. Well, that was going to be a question. Can Nucor be both? Or by the terms of the policy, like the district court analyzed, did Nucor effectively take itself out as a beneficiary of this insurance contract by also being an additional insured? Can they be both? Well, what Nucor does, well, actually, it's an additional insured. What Nucor does, and remember this now, Nucor never asked for insurance coverage from HDI. They asked for defense indemnity from DES. And the letter went to DES, and then HDI responded to it by saying, we're going to make you an additional insured. Well, yeah, I mean, the insurance company is categorizing Nucor as an additional insured. Nucor, and as to DES, is categorizing itself or traveling under the insurance contract. But what the district court concluded in looking at the language is Nucor couldn't do that, because being an additional insured means that the insurance contract didn't come into play. Well, and then what happens is, and then the limited experience is this, okay, Nucor comes in, and they're an additional insured, and the insurance company says, well, we don't pay pre-notification return fees, all right? Well, and what did Nucor do whenever HDI said that? They went to DES and said, you've got to defend indemnity bias, pay up $135,000, not $37,000, $135,000. So, and as the judge said, fine, now you've got, okay, DES has to pay the $135,000, because that's what the contract says, and everybody agrees on that. Yes. Okay, and now what you've done is, is if you, if you agree, because that's an absurd, it's absurd that somebody who's paid for contractual liability coverage and also has been required to make some additional insured, now has no coverage for the contractual liability. Well, it's not absurd if the contractual obligation of DES isn't covered by the policy. In other words, nothing in the contract, the INC says, well, DES is going to get insurance coverage. The way I'm going to, the way DES is going to fulfill its obligations is through insurance proceeds. It just says DES indemnifies Nucor for any claims against Nucor. So, if DES has this obligation of the contract, it doesn't necessarily follow that DES's argument breaks down. Well, no, my argument is, is the policy does cover DES for that, because, again, it gets back to your additional insurer, but only for personal injury coverage. You're not for contractual liability coverage. Okay, and if not, Louisiana law is strong, and it's very clear. If there's two reasonable interpretations, and it's the words that HCI uses in their policy, and in their endorsement, their endorsement where they change, put Nucor in as an additional insurer, but only for personal injury coverage. Only for personal injury? They're not insured for contractual liability coverage, and they've created an ambiguity there, and the ambiguity always goes to the insurer, and against the person who drafts the policy, HDI. So, that's the position I would take on that. And the other thing is, do you agree that to the extent Nucor is an additional insured, and to the extent the letter to DES in May of 19, whatever time it was, do you agree that to the extent that's noticed to HDI under the policy, that defense cost or prosecution cost before that letter wouldn't be covered, because they didn't give notice? Just traveling as an additional insured at this point. I guess my problem is this, is because Nucor, obviously, had already told the counsel for DES, who you would assume would tell its insurer HDI, that we don't want defense indemnity. But that's not the way that works. You can't assume that telling co-counsel or co-defendant's counsel anything would be noticed to the insurance company, could you? Well, I think there's a piece of it that attorneys obtained by the insurance company representing the insurer, he's got to keep the insurer apprised of things, and you need to keep the insurer apprised of it too. There's a defense indemnity claim. Where's your case that says an assumption like that and an inferential notice is sufficient to go back to pretender? Well, I think when you get to a 12-C position, okay, it's all on the pleadings. See, we're now getting into where I think the judge made a mistake too, is he started to actually make a decision. He said, well, obviously, like on the issue of waiver, for example, I don't think that HDI intended to waive the defense that it's raising that, you know, they're insured under the, that Nucor is insured under the contract after liability coverage. So he said, I don't think they intended to waive that, but that's just what he was reading. He's reading or saying what he thinks HDI intends based on the complaint and the attachment to it. He shouldn't have done that. So that's it now. Back to, if you go with the, they're insured under the contractual liability coverage, which basically means you don't have any contractual liability coverage. If that's what you're doing, then I think the insurance company needs to tell you that's the position you're taking, which they've never done. And we wrote them three letters while they're attached. One was August 9th, one was August 16th, one was September 7th, where we tendered the claim to HDI. They never responded. So that's things that, you know, that are there. And that tells you what it was HDI thinking. They intended not to waive it based on what? There's no evidence there. That's why we had to have discovery. So what do you want us to do? Well, I think this, you need to go ahead and say, you look at it and say that the judge made several errors, okay? They're all spelled out in the original appellate brief, we filed also in the library. And it has to go back and the discovery has to be conducted. And if there's motions to be followed after the discovery's conducted, if the motion's followed, it's not, then we do a similar trial. So you think it should just go back because it's a, it was treated like summary judgment or something, or inferences were made based upon the pleadings that are not appropriate. Just for that reason alone. Yes. Well, that's one of your many arguments, but that would be a sufficient reason to send it back. That's what you got to do. And the reason is because then you can't look at the 12C motion for us. Right. Okay. So I think, yeah, you got to send it back and say, okay. We're just taking the pleadings as they are. We got to get this case going. Right. That's what you, that's your position. Yes, I think that's it. Okay. Um, a couple of other things we, um . . . Okay. The judge did hold, and to answer Judge Wilson's question, he said there's no indication that a new court in its capacity as an additional insurer under the HDI policy ever directly tendered his defense to HDI. New court's tender letter to DES only for references to the ICA and not the HDI policy. Now, if you look through also the Ingalls case that the judge cited, and when the Fifth Circuit held that, and they said, you know, the insurance company in that didn't have to pay legal fees and costs until it was called upon to provide a defense to the name insurer. And what the court said was, is we're not going to force, you know, it's illogical for the insurance company to force itself, or have to force itself onto, by providing coverage, get the sophisticated insurer. DES is a small company. New court is a big company. It's in multiple states. So . . . You got to wrap it up because you saved time for rebuttal, but . . . Okay. Thank you. So . . . Good morning, Your Honors, and may it please the court. My name is Rodney LaCoste, and I represent HDI Global Insurance. As the court is aware, appellant seeks reversal of the trial court's granting of two 12C motions. I think the trial court, when we told them, Judge African, we told them we were going to file a 12C motion, because those are pretty rare. So I suggest you dot your I's and cross your T's that it's not a motion for some objection. This court noted in the Petraeus case, a Rule 12C dismissal is an appropriate course when a complaint finds space that shows a bar to relief. And in this case, we have relied on the complaint from beginning to end in supporting our arguments, including the documents that are referenced in the complaint. And the complaint in this case is telling when it comes to what it shows us about the facts that are not in dispute, have never been in dispute. One is that we issued a policy by which Newport was made an additional insurer. That's not an issue. That same endorsement, as you are recognized, also equates with an insured. On May 10th, 2016. Well, let's stop right there. Sir. So the question, I guess, in my mind is, could Nucor be both an additional insured and covered under the insurance contract that DES and Nucor entered? Yes. And let me explain why I believe that addition. If you look at the language of the contractual liability provision and the precise issue that is put forth today, which is attorney's fees, that is what addressed and what is taken out of the exclusion. And therefore, they're already accepted and taken out is this precise issue of attorney's fees cost. Solely for the purposes of liability assumed in an insured contract. Reasonable attorney's fees and necessary litigation expenses incurred by a party other than insured are deemed to be damages of bodily injury or property damage. Your position is, I guess, an answer to my question is they can't be both. In other words, Nucor was an additional insured. Therefore, the insurance contract between DES and Nucor doesn't come into play here because Nucor is insured. It gets us to the same place, I guess, would be the best way for me to say. As an additional insured, they obviously have the rights of insured, which includes defense and indemnity. Defense triggered when that defense is tendered. Yes, but under the insurance contract, they don't have to give notice to HDI or anything like that. In other words, they give notice to DES. Here we are, we're invoking the IAC, paragraph nine, we want coverage. We want you to indemnify us, DES. But your position is DES can't then come to HDI and say reimburse me for this because Nucor is an insured. For sure, correct. So they can't be both. Yes. What about counsel opposite's argument that they were an additional insured for purposes of certain categories of harm, damages, costs, but that nonetheless left the insurance contract in place? I believe we need to bring them all together. There's no doubt, again, that they're insured under the policy via the additional insurance. So by naming Nucor as an additional insured, they, I guess, inadvertently blew a hole through the insurance contract's coverage that they thought they were square with. The two types of coverage provided  Well, they're not the same. They're not the same. They're not the same. To the extent that the one obviates the other. In other words, by naming Nucor as an additional, if Nucor wasn't an additional insured, would there be any dispute that DES could recover the cost that it indemnified Nucor under the contract? I believe then there would be an issue as to the degree of attorney's fees that would be owed. Putting that aside, though, as far as quibbling about the amount of the liability, the liability would still be there for HDI to cover DES's indemnity of Nucor under the contract. So by naming Nucor as an additional insured, again, they intentionally or unintentionally blew a hole through that insurance contract. It impacted the coverage provided. Yeah. There's no question that it did. I just want to be clear on the company's position as well. And of course, I know there's the consent to settle and all that sort of, I'm just talking in concept. There are a multitude of issues. Sure. Recognized, but I think the issue, we start with the issue that is central to the case is when notice was provided to HDI of Nucor potentially or Nucor seeking the defense. And that wasn't until, per the complaint, the May 10, 2019 date. And as Judge Afric noted, and I believe Judge . . . other judges in the Eastern District have recognized and this court has recognized that that is a very precise thing to put someone on notice and that that was not done until May 10 of 2019. And when we were put on notice, HDI was put on notice. We, as the policy requires and as the law requires, were responsible for an attorney's fees from that date for which we offered to pay. And was refused and rejected. The speed from the beginning has been the over $100,000 or so that we refuse to pay because we don't believe we're obligated to pay it under the policy or the law. And we believe that the law is clear on that issue and that our position is sound on that issue. And that is supported by the Gulley case and then this court's decision in Peavey, which makes an important decision. I'm sorry, distinction between the Gulley case and the Peavey case and that being whether or not an insurer is denying liability or denying coverage, which is not what we've ever done in this case. We agreed to provide a defense and reserve rights based on the language in the policy. Signing specific language in the policy, including the additional insured endorsement, which contains the language that we just discussed. Just to be clear, your claim is that the insured new court has to notify. And that's what triggers the coverage. Yes, Your Honor. And your authority is Gulley? Gulley, yes, Your Honor. Where in Gulley does the court say that? I believe Gulley stands for the premise that the obligation to provide a defense is not until notice is provided to the insurer. To the insurer, but where does it say that that notice has to be provided by the insured? I don't believe it is that specific, Your Honor, but the policy itself requires the insured to put the company on notice. So, okay, so you're talking about the text of the policy? Yes, Your Honor. It says it must be insured rather than just make sure it themselves must do it rather than they just must be notified. Because there's several events that could have been notification in this case. Could have been, and I think there is an issue about a notification. March 18th email that discussed the potential in making that claim. That claim was never made. That was another party saying that they have this right, but they haven't decided and no one is aware, but they decided to exercise it. And I think Judge Affrick recognized that case and started the case from Judge Zaney that if you have the right, that's one thing, but you have to put them on notice. If you want to retain your own attorney at your own expense, you can certainly do that. The insurance company cannot force counsel on you. It is not until you say please provide me a defense that that obligation. But just to be clear, you acknowledge that Gulley doesn't say it has to be insured. You're saying it's the text of the insurance contract. Is that something you preserved in your brief? I certainly hear you arguing now, but. I believe we did, Your Honor, and I believe Judge Affrick noted in his policy refers to the specific notice requirements in the policy. Do you know where in your brief you say that? Our brief? I, I, I believe Judge Affrick picked up on it, and I believe he picked up on it, I'm pretty sure. From what I can tell, your brief only argues case law, and that's the defect I see is I'm not seeing that in the case law. You may be right ultimately, it's just not something that we're seeing in Louisiana law right now. And we're discussing the notice provisions in the policy. I know they were, they were addressed by Judge Affrick, and it's our position that notice, and I don't believe the case law is, is clear about exactly what notice is. I know, but you're saying at a minimum. It's more about a policy or just simple understanding of notice. Right. Of what that is, and I believe what Judge Affrick was saying is that a potential claim is not notice of a claim. You actually need to request the defense in order to trigger the obligations of the policy. So that's why the person, notice of the personal injury complaint is not enough? I believe you're referring to the provision that requires some form of notice. So it's not notice, I mean, the fact that you get sent the complaint that names you is not good enough? That would seem to be, I mean, that's, if I mail my insurance companies that I've been served with this complaint, you're saying the fact that I don't say, well, and by the way, you need, you need to defend me, I'm just sending you notice, that's not notice? That's exactly what happened with DBS. We were sent a copy of the complaint and they requested a defense, DES. Nucor, as an insurer, has that same obligation. Right. HDI is, DES insurer, is Dynamics insurer got the copy of the personal injury complaint named Nucor? And so why isn't that good enough? Because we don't know at that point that Nucor is even an additional insurer out of the policy. It's a blanket endorsement on the policy, but anyone with whom you have a contract is considered an insurer. We don't know. So at that point, you didn't know that. Who DES has a contract with. It could be Nucor, it could be. Yeah, but Nucor is named as an additional insurer in the policy. The company surely knows that. They're not specifically named, no. It's a blanket endorsement. It doesn't, the policy itself has a box and it says additional insurers and it says anyone required on the contract in that box. But I thought we were saying people who negotiated that, that they knew that, that they said, oh, we're going to make Nucor an additional insured. And then, then all of a sudden Nucor is in this complaint that they're getting. I'm just trying to figure out why that's not adequate notice. Because the insurance company doesn't know with whom DES has entered into contracts that require that they be named an additional insurer. And this is just, this is practical day-to-day issues that insurance companies deal with is they often issue policies that provide blanket coverage for any policy in which you are required to name someone as an additional insurer. Right. I mean, we see a lot of insurance cases. Right. So, we don't know whom those parties may be. We don't even know when we get this complaint that Nucor is an additional insurer. It's not until they provide and request a defense. And even if we were aware, Nucor has done nothing to request a defense from HCI until May 10th of . . . I guess I'm a little confused then because I guess I'm, I'm confused. I was thinking Nucor was named in the policy and therefore there, there they are. And so that's how they got kicked out from their insurance contract. In other words, the policy defines coverage under the insurance contract. We'll indemnify DES based on anybody, any indemnity obligation they have under a contract. But for anybody other than an insured, I mean, so what you're saying is almost, it's very circular. If the insurance company takes the position that we don't know that Nucor is out there, we don't know that they're an additional insured, how in the world do you deny DES the benefits of that insurance contract that they have with Nucor based on the definition that Nucor is? In other words, how does the insurance company know Nucor is an additional insured? So therefore there, we don't have to pay DES under that contract. But yet you're now saying we don't know who the additional insureds are because it's defined by the contract. I'm thoroughly confused at this point as to what coverage the insurance company is providing under either provision. Let's be clear, Your Honor. Once we were put on notice, we agreed. If you're asking the coverages that are provided and were provided in this case, when we were put on notice of Nucor requesting a defense, we agreed. What Nucor requested was DES please pay us under the contract we have with DES. And that made its way to HCI and HCI did not know about whom they requested it from. It was clear that they wanted a defense under that. At that point, they were requesting defense and indemnity under the indemnity agreement and we received notice via DES or did counsel for DES that they were making that request. We didn't, at that point, arguing you didn't make the request, it came via. But they don't have to under the insurance contract. They don't have to do that at all. Tender dates and all that sort of thing, pre and post, don't come into play under the insurance contract that the, yeah, the independent contractor agreement, the ICA that DES had with Nucor. You are correct and specifically it's the opposite that we don't have, they don't have to, but we're not a party to the ICA. But I thought what you were just telling Judge Elrod is that we don't know who the additional insureds are because the additional insureds are everybody under one of these contracts. Everyone with whom they have a contract that requires indemnity. It's a blanket endorsement. We recognize them as an additional insurer. All right, so, but then. Contract is insurance. But then those insurance contracts then don't, there is no insurance contract coverage for indemnity under the policy because by definition, is this what you're saying? Anybody covered by one of these contracts, DES and Nucor, Nucor is an additional insured. We don't cover any of those contracts. I believe we provide that coverage, but we accept from that coverage in terms of what the language of the policy does because we do not. What coverage is there then that the insurance company is obligated to pay DES for indemnifying Nucor? We've settled the case on behalf of both parties and achieved the dismissal of both parties from litigation by paying indemnity benefits due to the policy on behalf of both DES and Nucor. And we've agreed to pay their attorneys fees from the date that they requested a defense for, which is what our obligations are in the policy. And the law, and the law clearly states that that obligation to provide a defense, pay for the defense, is triggered by you requesting it. And that's where any insurer under any policy, whether it be an insured or additional insured. I guess, so what you're saying is the insurance, I see two tracks here. Basically, the obligations the insurance company owes to insurance to provide coverage as defined by the policy. And there's this insurance contract, the independent contractor agreement that DES entered with Nucor. And the insurance company says, well, we'll, we'll cover DES for indemnity obligations under those contracts. But what I hear you saying, saying now is that doesn't include attorney's fees. It doesn't include the cost of defense. It doesn't include those things. It only includes certain things. And if you want to travel as far as cost of defense, et cetera, you've got to travel as an additional insured. Not as, not as a contractual liability coverage, covers the indemnity. It's covered as an additional insured and it's covered in the contractual liability obligations of the policy. But you're saying that. Contractual liability. I'm sorry, Your Honor. You're saying that, that to get your full cost of defense, you've got to give notice as though you were an additional insured regardless of what the insurance contract says. I think under any circumstance, you need to provide notice that you're seeking a defense in order to travel. But where does the policy say that with regard to coverage of an insurance contract? The policy does not state that. But the policy does state that if you're insured, the contractual liability coverage does not provide for attorney's fees. You read that as an insured, you then recognize an insured under the policy. You have to follow the provision of the policy as if you're insured for that obligation. It doesn't go away. We're still going to provide it.  I'm following you, ma'am. And that's precisely what the language says. It says solely for the purposes of liability assumed in an insured contract. And let's be clear, before that, it recognizes that that liability can include attorney's fees. Reasonable attorney's fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages. So we're saying we're going to be responsible for attorney's fees. But if you're insured, you're going to be treated as an insured under the policy. And there is no issue in this case that Nucor is an insured under the policy. The additional insured endorsement, which not only makes them an additional insured, but then treats them as an insured. And I'm with you. And again, just as a practical matter, insurance companies, as you've recognized, this is not an uncommon issue, an additional insured. They don't know who is an additional insured out in the world until they're presented with a situation and put on notice of it. And they have no legal obligation. It would be impossible for insurance companies to meet that obligation if they had to go check every suit filed to see if potentially one of those. I don't think anybody's arguing that. I think the issue was when it was delivered specifically to the one entity was that satisfactory. It wasn't talking about going to the court rolls and looking at lawsuits. It was much narrower than that. No, and you're correct. That's what the law requires. It is narrow about it. It requires notice. You need to ask for it. The insurance company cannot impose it. When you request it, we will provide it. Thank you. I believe we have your argument. And opposing counsel has saved some time. Thank you. Thank you. First of all, Judge Ho, you had some questions about the Gulley decision. I got to retract. There is a way. Actually, you don't have to remand it back. Gulley was looked at in Peavey, which is a Fifth Circuit decision. It's decided in the brief. And in Peavey, what this court said is that they said Zurich insurance argued that under Gulley, OK, they didn't have to pay pre-tender legal fees. What this court says, we're not persuaded by the insurance arguments and find the district court's judgment should not be changed. The district court actually awarded pre-tender, OK, attorney fees where there was no prejudice. This honorable court, in that relied upon a case in Africa called REVORA, or REVORA, I guess, R-O-V-I-R-A. It's in the brief also, where it said REVORA. Another court found that the insurer is liable for pre-notification attorney fees since it was not prejudiced by the insurer's delay. And everybody agrees here there's no prejudice to HDI. So, if Judge Affric aired in following Gulley and not following Peavey and REVORA, and also Judge Barbier in the Eastern District, as it actually held, I think it's called American Risk, that he's bound by the Fifth Circuit. And if there's no prejudice, then you got to pay the pre-notification fees. So, that's one of the errors we raised. On the consent to settle, obviously, there's nothing voluntary about this. OK, first of all, by contract, nobody agrees. In fact, as HDI even tells, you know, Newport, you've got an insured contract, so they've got to fit in and indemnify you, OK? And though you didn't ask for it, you're also an additional insurer under our policy. So, there's no voluntary payment here, the $135,000. The contract obligated them to do that. The judge kept saying it was a settlement. If somebody gives you a bill and says it's $135,000, pay it. And you pay it. That's not a settlement. It's just paying a bill. The... Back to Peavey. What page are you looking at in Peavey? You're looking at 1178? Let me see. The Peavey motion is in, I think it's in order. Can I get our briefer real quick? You're directing it to Peavey. And I see in Peavey at page 1178, we agree that the insurer's duty to defend does not arise until it receives notice of a claim or suit. That's right. The duty to defend does not arise, OK? But if you're not prejudiced, what the Peavey court says, you've got to pay the pretended fee, legal fees and costs. And that's what I read to you from the Peavey decision itself, where Zurich cited Gulley, the Fifth Circuit said, and this is what the court said, no, the district court was right, you've got to pay the pre-notification fees. And then they cited to Revora, and Judge Barbier has followed Peavey and said that he's bound by the Fifth Circuit. If there's no prejudice to the insurer,  And that's what the Peavey decision says. In the brief, more detail. One thing, Judge Wilson, on the, we talked about the insured under the contractual liability coverage. If you look at the notification, I think it's in section two of the insurance policy. And if you look in the motion for reconsideration file, in the original opinion, Judge Abbott said insured, insured, insured. And if you look at what the policy says, it says you. In the policy, you is the named insured. And everything they say about giving us notice, everything says you, you, you, which is DES. Okay, it's not HDI. The only time, I mean, it's not Nucor. The only time they say is that, but at one point in section, they say you mean Nucor, DES, and the insurer, okay, which would mean Nucor. When they said that though, they said you got to give us a copy of the lawsuit. Well, they already had a copy of the lawsuit because DES and Nucor were in the lawsuit. So what they're saying was, okay, but you need to give us a copy. If you don't give us a copy of the lawsuit, we've already got, we're defending, you know, the claims against DES, you know, you haven't given us notice. And we briefed notice in there quite a bit too. On the duties of a insured, you know, in our briefing sites, the Kelly versus State Farm, the Louisiana Supreme Court, goes through that the insurer has a fiduciary duty to its insurer to conduct an investigation, okay, to protect its insured, okay. And so we've, I'm out of time now. Thank you, counsel. We have your argument. We have both arguments. We appreciate them. And the case is submitted and the court will stand in recess until tomorrow morning. Thank you. Thank you.